Jack Rawlston **COWLES**, Appellant,

v.

LaRue **COWLES**, Appellee.

No. 5127.

District of Columbia Court of Appeals.

Argued Feb. 3, 1970.

Decided April 7, 1970.

Karl G. Sorg, Falls Church, Va., for appellant.

Mark B. Sandground, Washington, D. C. with whom Marsha E. Swiss, Washington, D. C., was on the brief, for appellee. Roger F. Lewis, Washington, D. C., entered an appearance for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

On April 14, 1969 appellant-husband was ordered to pay appellee-wife $600 per month for her support and maintenance, which sum included payments on jointly owned real property in Virginia in which the wife resides.[1] Sometime in May the husband filed suit for divorce in Virginia. Thereafter, on June 12, he moved the trial court here to vacate or stay enforcement of its prior order asserting that the doctrine of *forum non conveniens* required either that the order be vacated, or that a stay be entered pending determination by the Virginia court as to what support, if any, the wife was entitled. No formal petition to reduce the amount of the monthly payments was filed although appellant argued in support of the motion that his impending retirement from the United States Navy would result in a substantial reduction in income. On August 22 the wife filed a motion to hold her husband in contempt. After a full hearing on both motions, the court, on Sep-

---

1. An appeal from that order was not perfected.

tember 19, 1969, denied appellant's motion to vacate or stay the April 14th order, adjudged appellant in contempt for failure to comply with that order, and awarded the wife a judgment for arrears in support payments of $1,268. This appeal is from that order.

 Appellant argues that the trial court abused its discretion in failing to invoke the doctrine of *forum non conveniens,* either to vacate or to stay its order of April 14. Now that he has filed his suit for divorce in Virginia, he says, the courts of this jurisdiction must correct a most vexatious and harassing situation resulting from a multiplicity of suits. To state appellant's argument is to demonstrate its weakness. Indeed, assuming the applicability of the doctrine of *forum non conveniens,* it would have been an abuse of discretion for the court to grant rather than to deny the motion at that particular stage of the litigation. Wilburn v. Wilburn, D.C.App., 192 A.2d 797, 9 A.L.R.3d 538 (1963).

■ · Appellant also argues that the trial court abused its discretion in failing to reduce the amount he must pay his wife for her support, claiming that since his retirement the payments ordered exceeded his net monthly income.[2] However, the testimony is unclear as to what, if any, additional income appellant derives from rental properties he and his wife own. Moreover, the trial judge specifically stated that he had taken into consideration the fact of appellant's impending retirement when he set the payments at $600 per month. It is appellant's burden to put before the court competent evidence upon which a finding of his actual income and a judgment of his ability or inability to pay support can be made. That burden has not been met here.[3] There being support in the record[4] for the court's finding of contempt and the amount

of the arrears, and no clear showing of abuse in the exercise of its discretion, the judgment of the trial court is

Affirmed.

---

2. Appellant's net income has increased somewhat since the September 19th order because less is withheld from his retirement pay.

3. The question is open, of course, for appellant to present such evidence of his

current ability to pay in the Virginia divorce proceedings.

4. In reaching this conclusion we do not consider the supplemental record filed by appellee which contains only an excerpt of appellant's testimony at a prior hearing.